# UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA
# COLUMBIA DIVISION

| | |
|---|---|
| SANDRA F. BYRD, | ) |
| Plaintiff, | ) ) ) |
| V. | ) ) CASE NO. 3:12-cv-00887-JFA |
| EQUIFAX INFORMATION SERVICES, LLC; TRANS UNION LLC, EXPERIAN INFORMATION SOLUTIONS, INC.; and CAPITAL ONE BANK (USA), NA, | ) ) ) ) ) ) |
| Defendants. | ) ) |

## AMENDED CONFIDENTIALITY ORDER

Whereas, the parties to this Amended Consent Confidentiality Order ("parties"), have stipulated that certain discovery material is and should be treated as confidential, and have agreed to the terms of this order; accordingly, it is this 10th day of January, 2013, ORDERED:

1. **Scope**. All documents produced in the course of discovery, all responses to discovery requests and all deposition testimony and deposition exhibits and any other materials which may be subject to discovery (hereinafter collectively "documents") shall be subject to this Order concerning confidential information as set forth below. Such information is not otherwise available to the public and good cause exists for entering this Order in order to protect the parties from possible annoyance or embarrassment related to the unnecessary disclosure of personal information and to protect against disclosure of otherwise confidential commercial information.

2. **Form and Timing of Designation.** Confidential documents shall be so designated by placing or affixing the word "CONFIDENTIAL" on the document in a

manner which will not interfere with the legibility of the document and which will permit complete removal of the Confidential designation. Documents shall be designated CONFIDENTIAL prior to, or contemporaneously with, the production or disclosure of the documents. Inadvertent or unintentional production of documents without prior designation as confidential shall not be deemed a waiver, in whole or in part, of the right to designate documents as confidential as otherwise allowed by this Order.

3. **Documents Which May be Designated Confidential.** Any party may designate documents as confidential, including documents produced by non-parties, but only after review of the documents by an attorney[1] who has, in good faith, determined that the documents contain information protected from disclosure by statute, sensitive personal information, trade secrets, or confidential research, development, or commercial information. The certification shall be made concurrently with the disclosure of the documents, using the form attached hereto at Attachment A which shall be executed subject to the standards of Rule 11 of the Federal Rules of Civil Procedure. Information or documents which are available in the public sector may not be designated as confidential.

4. **Attorneys' and Plaintiff's Eyes Only Protection.** If a party believes in good faith after review of documents in accordance with Paragraph 3, above, that, despite the provisions of this Order, there is a substantial risk of identifiable harm if particular documents it designates as "CONFIDENTIAL" are disclosed to all other parties or non-parties to this action, the producing party may designate those particular documents as "CONFIDENTIAL—ATTORNEYS' AND PLAINTIFF'S EYES ONLY" on the documents in a manner which will not interfere with the legibility of the document and which will permit complete removal of the Confidential designation. The certification shall be made concurrently with the disclosure of the documents, using the form attached hereto at Attachment A, which shall be executed subject to the standards of Rule 11 of the Federal

---

[1] The attorney who reviews the documents and certifies them to be CONFIDENTIAL must be admitted to the Bar of at least one state but need not be admitted to practice in the District of South Carolina and need not apply for *pro hac vice* admission. By signing the certification, counsel submits to the jurisdiction of this court in regard to the certification.

- 2 -

Rules of Civil Procedure. Information or documents which are available in the public sector may not be designated as "CONFIDENTIAL—ATTORNEYS' AND PLAINTIFF'S EYES ONLY." Inadvertent or unintentional production of documents without prior designation as "CONFIDENTIAL—ATTORNEYS' AND PLAINTIFF'S EYES ONLY" shall not be deemed a waiver, in whole or in part, of the right to designate documents as "CONFIDENTIAL—ATTORNEYS' AND PLAINTIFF'S EYES ONLY" as otherwise allowed by this Order.

5. **Depositions.** Portions of depositions shall be deemed confidential only if designated as such at any time prior to a deposition, when the deposition is taken, or within thirty business days after receipt of the transcript. Such designation shall be specific as to the portions to be protected. Until thirty (30) days after receipt of the transcribed testimony, such testimony shall be treated by the Parties as Confidential Information.

6. **Protection of Confidential Material.**

a. **General Protections.** Documents designated CONFIDENTIAL under this Order shall not be used or disclosed by the parties or counsel for the parties or any other persons identified below (¶ 6.b.) for any purposes whatsoever other than preparing for and conducting the litigation in which the documents were disclosed (including any appeal of that litigation). The parties shall not disclose documents designated as confidential to putative class members not named as plaintiffs in putative class litigation unless and until one or more classes have been certified.

b. **Limited Third Party Disclosures.** The parties and counsel for the parties shall not disclose or permit the disclosure of any documents designated CONFIDENTIAL under the terms of this Order to any other person or entity except as set forth in subparagraphs (1)-(5) below, and then only after the person to whom disclosure is to be made has executed an acknowledgment (in the form set forth at Attachment B hereto), that he or she has read and understands the terms of this Order and is bound by it. Subject to

these requirements, the following categories of persons may be allowed to review documents which have been designated CONFIDENTIAL pursuant to this Order:

(1) counsel and employees of counsel for the parties who have responsibility for the preparation and trial of the lawsuit;

(2) parties and employees of a party to this Order but only to the extent counsel shall certify that the specifically named individual party or employee's assistance is necessary to the conduct of the litigation in which the information is disclosed[2];

(3) court reporters engaged for depositions and those persons, if any, specifically engaged for the limited purpose of making photocopies of documents;

(4) consultants, investigators, or experts (hereinafter referred to collectively as "experts") employed by the parties or counsel for the parties to assist in the preparation and trial of the lawsuit; and

(5) other persons only upon consent of the producing party or upon order of the court and on such conditions as are agreed to or ordered.

c.     **Control of Documents.**  Counsel for the parties shall take reasonable efforts to prevent unauthorized disclosure of documents designated as Confidential pursuant to the terms of this order. Counsel shall maintain a record of those persons, including employees of counsel, who have reviewed or been given access to the documents along with the originals of the forms signed by those persons acknowledging their obligations under this Order.

d.     **Copies.**  All copies, duplicates, extracts, summaries or descriptions (hereinafter referred to collectively as "copies"), of documents designated as Confidential under this Order or any portion of such a document, shall be immediately affixed with the designation "CONFIDENTIAL" if the word does not already appear on the copy. All such copies shall be afforded the full protection of this Order.

---

[2] At or prior to the time such party or employee completes his or her acknowledgment of review of this Order and agreement to be bound by it (Attachment B hereto), counsel shall complete a certification in the form shown at Attachment C hereto. Counsel shall retain the certification together with the form signed by the party or employee.

7. **Protection of Attorneys' and Plaintiff's Eyes Only Material**

a. **General Protections.**  Documents designated "CONFIDENTIAL—ATTORNEYS' AND PLAINTIFF'S EYES ONLY" under this Order shall not be used or disclosed by the parties or counsel for the parties or any other persons identified below (¶ 7.b) for any purposes whatsoever other than preparing for and conducting the litigation in which the documents were disclosed (including any appeal of that litigation).

b. Except with the prior written consent of the individual or entity designating a document or portions of a document as "CONFIDENTIAL—ATTORNEYS' AND PLAINTIFF'S EYES ONLY," or pursuant to prior Order after notice, any document, transcript, or pleading given "CONFIDENTIAL—ATTORNEYS' AND PLAINTIFF'S EYES ONLY" treatment under this Order, and any information contained in, or derived from any such materials (including but not limited to all deposition testimony that refers, reflects, or otherwise discusses any information designated confidential hereunder) may not be disclosed other than in accordance with this Order and may not be disclosed to any person other than:

(1) Plaintiff;

(2) the receiving party's outside counsel of record in this action, as well as employees of said counsel to whom it is reasonably necessary to disclose the information for this litigation (employees of said counsel to whom disclosure is to be made must execute an acknowledgement in the form set forth at Attachment B hereto);

(3) the Court and its personnel;

(4) court reporters, their staff, and professional vendors to whom disclosure is reasonably necessary for this litigation and who have signed the acknowledgement in the form set forth at Attachment B hereto; and

(5) the author of the document, transcript, or pleading or the original source of the information.

c. **Control of Documents.**  Counsel for the parties shall make reasonable

efforts to prevent unauthorized disclosure of documents designated as "CONFIDENTIAL—ATTORNEYS' AND PLAINTIFF'S EYES ONLY" pursuant to the terms of this Order. Counsel shall maintain a record of those persons, including employees of counsel, who have reviewed or been given access to the documents along with the originals of the forms signed by those persons acknowledging their obligations under this Order.

d.   **Copies.**   All copies, duplicates, extracts, summaries, or descriptions (hereinafter referred to collectively as "copies") of documents, or any portion of such documents, designated as "CONFIDENTIAL—ATTORNEYS' AND PLAINTIFF'S EYES ONLY" under this Order shall be immediately affixed with the designation "CONFIDENTIAL—ATTORNEYS' AND PLAINTIFF'S EYES ONLY" if the designation does not already appear on the copy.  All such copies shall be afforded the full protection of this Order.

8.   **Filing of Confidential Materials.** In the event a party seeks to file any material that is subject to protection under this Order with the court, that party shall take appropriate action to insure that the documents receive proper protection from public disclosure including:  (1) filing a redacted document with the consent of the party who designated the document as confidential; (2) where appropriate (e.g. in relation to discovery and evidentiary motions), submitting the documents solely for in camera review; or (3) where the preceding measures are not adequate, seeking permission to file the document under seal pursuant to the procedural steps set forth in Local Civil Rule 5.03, DSC, or such other rule or procedure as may apply in the relevant jurisdiction. Absent extraordinary circumstances making prior consultation impractical or inappropriate, the party seeking to submit the document to the court shall first consult with counsel for the party who designated the document as confidential to determine if some measure less restrictive than filing the document under seal may serve to provide adequate protection. This duty exists irrespective of the duty to consult on the underlying motion. Nothing in this Order shall be construed as a prior directive to the Clerk of Court to allow any document be filed under

seal. The parties understand that documents may be filed under seal only with the permission of the court after proper motion pursuant to Local Civil Rule 5.03.

    9.    **Greater Protection of Specific Documents.** No party may withhold information from discovery on the ground that it requires protection greater than that afforded by this Order unless the party moves for an Order providing such special protection.

    10.    **Challenges to Designation as Confidential.** Any CONFIDENTIAL or CONFIDENTIAL—ATTORNEYS' AND PLAINTIFF'S EYES ONLY designation is subject to challenge. The following procedures shall apply to any such challenge.

    a.    The burden of proving the necessity of a CONFIDENTIAL or CONFIDENTIAL—ATTORNEYS' AND PLAINTIFF'S EYES ONLY designation remains with the party asserting confidentiality.

    b.    A party who contends that documents designated CONFIDENTIAL or CONFIDENTIAL—ATTORNEYS' AND PLAINTIFF'S EYES ONLY are not entitled to confidential treatment shall give written notice to the party who affixed the designation of the specific basis for the challenge. The party who so designated the documents shall have fifteen (15) days from service of the written notice to determine if the dispute can be resolved without judicial intervention and, if not, to move for an Order confirming the Confidential designation.

    c.    Notwithstanding any challenge to the designation of documents as confidential, all material previously designated CONFIDENTIAL or CONFIDENTIAL—ATTORNEYS' AND PLAINTIFF'S EYES ONLY shall continue to be treated as subject to the full protections of this Order until one of the following occurs:

    (1) the party who claims that the documents are confidential withdraws such designation in writing;

    (2) the party who claims that the documents are confidential fails to move timely for an Order designating the documents as confidential as set forth in

paragraph 8.b. above; or

(3) the Court rules that the documents should no longer be designated as confidential information.

d. Challenges to the confidentiality of documents may be made at any time and are not waived by the failure to raise the challenge at the time of initial disclosure or designation.

11. **Treatment on Conclusion of Litigation.**

a. **Order Remains in Effect.** All provisions of this Order restricting the use of documents designated CONFIDENTIAL or CONFIDENTIAL—ATTORNEYS' AND PLAINTIFF'S EYES ONLY shall continue to be binding after the conclusion of the litigation unless otherwise agreed or ordered.

b. **Return of CONFIDENTIAL and CONFIDENTIAL— ATTORNEYS' AND PLAINTIFF'S EYES ONLY Documents.** Within thirty (30) days after the conclusion of the litigation, including conclusion of any appeal, all documents treated as confidential under this Order, including copies as defined above (¶¶ 6.d, 7.d) shall be returned to the producing party unless: (1) the document has been entered as evidence or filed (unless introduced or filed under seal); (2) the parties stipulate to destruction in lieu of return; or (3) as to documents containing the notations, summations, or other mental impressions of the receiving party, that party elects destruction. Notwithstanding the above requirements to return or destroy documents, counsel may retain attorney work product including an index which refers or relates to information designated CONFIDENTIAL or CONFIDENTIAL—ATTORNEYS' AND PLAINTIFF'S EYES ONLY so long as that work product does not duplicate verbatim substantial portions of the text of confidential documents. This work product continues to be Confidential under the terms of this Order. An attorney may use his or her work product in a subsequent litigation provided that its use does not disclose the confidential documents.

12. **Order Subject to Modification.** This Order shall be subject to modification

on motion of any party or any other person who may show an adequate interest in the matter to intervene for purposes of addressing the scope and terms of this Order. The Order shall not, however, be modified until the parties shall have been given notice and an opportunity to be heard on the proposed modification.

13. **No Judicial Determination.** This Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery. Nothing herein shall be construed or presented as a judicial determination that any specific document or item of information designated as CONFIDENTIAL or CONFIDENTIAL—ATTORNEYS' AND PLAINTIFF'S EYES ONLY by counsel is subject to protection under Rule 26(c) of the Federal Rules of Civil Procedure or otherwise until such time as a document-specific ruling shall have been made.

14. **Persons Bound.** This Order shall take effect when entered and shall be binding upon: (1) counsel who signed below and their respective law firms; and (2) their respective clients.

IT IS SO ORDERED.

January 10, 2013                                      Joseph F. Anderson, Jr.
Columbia, South Carolina                              United States District Judge

*s/ Lindsey Carlberg Livingston*
Lindsey Carlberg Livingston
HAYNSWORTH SINKLER BOYD, P.A.
Federal ID No. 9518
1201 Main St., Suite 2200
Columbia, S.C. 29201
Tel: (803) 540-7839
Fax: (803) 765-1243
Email: llivingston@hsblawfirm.com

*Attorneys for Defendant*
*Experian Information Solutions, Inc.*


*s/ David A Maxfield*
David A. Maxfield
Dave Maxfield, Attorney, LLC
5217 N. Trenholm Road, Suite B
Columbia, S.C. 29206
Tel: (803) 509-6800
Fax: (855) 299-1656
Email: dave@consumerlawsc.com

*Attorneys for Plaintiff*

# ATTACHMENT A
## CERTIFICATION BY COUNSEL OF DESIGNATION
## OF INFORMATION AS CONFIDENTIAL

### UNITED STATES DISTRICT COURT
### DISTRICT OF SOUTH CAROLINA
### COLUMBIA DIVISION

| | |
|---|---|
| SANDRA F. BYRD,<br><br>   Plaintiff,<br><br>  V.<br><br>EQUIFAX INFORMATION SERVICES, LLC; TRANS UNION LLC, EXPERIAN INFORMATION SOLUTIONS, INC.; and CAPITAL ONE BANK (USA), NA,<br><br>   Defendants.<br>_____ | )<br>)<br>)<br>)<br>)<br>) CASE NO. 3:12-cv-00887-JFA<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

  Documents produced herewith have been marked as CONFIDENTIAL or CONFIDENTIAL—ATTORNEYS' AND PLAINTIFF'S EYES ONLY subject to the Confidentiality Order entered in this action which Order is dated January 10, 2013. By signing below, I am certifying that I have personally reviewed the marked documents and believe, based on that review, that they are properly subject to protection under the terms of Paragraph 3 of the Confidentiality Order. Check and complete one of the two options below.

  ☐ I am a member of the Bar of the United States District Court for the District of South Carolina. My District Court Bar number is [District Court Bar #].

  ☐ I am not a member of the Bar of the United States District Court for the District of South Carolina but am admitted to the bar of one or more states. The state in which I conduct the majority of my practice is [state in which I practice most] where my Bar number is [that state's Bar #]. I understand that by completing this certification I am submitting to the jurisdiction of the United States District Court for the District of South Carolina as to any matter relating to this certification.

Date: _____          _____
                     Signature of Counsel

                     _____
                     Printed Name of Counsel

# ATTACHMENT B
# ACKNOWLEDGMENT OF UNDERSTANDING AND AGREEMENT TO BE BOUND

## UNITED STATES DISTRICT COURT
## DISTRICT OF SOUTH CAROLINA
## COLUMBIA DIVISION

| | |
|---|---|
| SANDRA F. BYRD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| V. ) | CASE NO. 3:12-cv-00887-JFA |
| ) | |
| EQUIFAX INFORMATION ) | |
| SERVICES, LLC; TRANS UNION ) | |
| LLC, EXPERIAN INFORMATION ) | |
| SOLUTIONS, INC.; and CAPITAL ) | |
| ONE BANK (USA), NA, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

The undersigned hereby acknowledges that he or she has read the Confidentiality Order dated January 10, 2013, in the above captioned action, understands the terms thereof, and agrees to be bound by such terms. The undersigned submits to the jurisdiction of the United States District Court for the District of South Carolina in matters relating to the Confidentiality Order and understands that the terms of said Order obligate him/her to use discovery materials designated CONFIDENTIAL or CONFIDENTIAL—ATTORNEYS' AND PLAINTIFF'S EYES ONLY solely for the purposes of the above-captioned action, and not to disclose any such confidential information to any other person, firm or concern.

The undersigned acknowledges that violation of the Stipulated Confidentiality Order may result in penalties for contempt of court.

Name: _____
Job Title: _____
Employer: _____
Business Address: _____

Date: _____     _____
                              Signature

# ATTACHMENT C
## CERTIFICATION OF COUNSEL OF NEED
## FOR ASSISTANCE OF PARTY/EMPLOYEE

### UNITED STATES DISTRICT COURT
### DISTRICT OF SOUTH CAROLINA
### COLUMBIA DIVISION

| | |
|---|---|
| SANDRA F. BYRD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| V. ) | CASE NO. 3:12-cv-00887-JFA |
| ) | |
| EQUIFAX INFORMATION ) | |
| SERVICES, LLC; TRANS UNION ) | |
| LLC, EXPERIAN INFORMATION ) | |
| SOLUTIONS, INC.; and CAPITAL ) | |
| ONE BANK (USA), NA, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

Pursuant to the Confidentiality Order entered in this action, most particularly the provisions of Paragraph 6.b. and/or Paragraph 7.b, I certify that the assistance of _____ is reasonably necessary to the conduct of this litigation and that this assistance requires the disclosure to this individual of information which has been designated as CONFIDENTIAL or CONFIDENTIAL—ATTORNEYS' AND PLAINTIFF'S EYES ONLY.

I have explained the terms of the Confidentiality Order to the individual named above and will obtain his or her signature on an "Acknowledgment of Understanding and Agreement to be Bound" prior to releasing any confidential documents to the named individual and I will release only such confidential documents as are reasonably necessary to the conduct of the litigation.

The individual named above is:
☐ A named party;
☐ An employee of named party _____. This employee's job title is _____ and work address is _____.

Date: _____          _____
                                                    Signature